Filed 5/26/21  Roe v. Maria S. CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JIM ROE,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>MARIA S. et al.,<br><br>　　　Defendants and Respondents. | H046182<br>(Santa Clara County<br>Super. Ct. No. 17CV315696) |

Plaintiff and appellant Jim Roe (plaintiff or appellant) sued defendants and respondents Maria S. and her daughter Savannah S. (defendants or respondents) for malicious prosecution.  Appellant appeals from the trial court order granting defendants' anti-SLAPP motion to strike the complaint under Code of Civil Procedure section 425.16.  For the reasons explained below, we conclude the appeal is untimely and therefore we lack jurisdiction to consider it.  Consequently, we dismiss the appeal.

## I.  FACTS AND PROCEDURAL BACKGROUND

As the facts underlying the suit are not relevant to our jurisdiction over this appeal, we do not recite them here.  Plaintiff filed a malicious prosecution lawsuit in 2017 against

defendants. Defendants filed an anti-SLAPP motion[1] seeking to strike the complaint in its entirety under Code of Civil Procedure section 425.16. The parties fully briefed defendants' motion, and the trial court heard argument on it in January 2018.

On March 5, 2018, the trial court entered a written order granting defendants' anti-SLAPP motion "with prejudice" (March 5, 2018 anti-SLAPP order). The trial court explained the basis for its ruling that plaintiff's malicious prosecution claim was a SLAPP and must be stricken. Additionally, the trial court addressed and rejected plaintiff's alternative arguments that the trial court should stay his lawsuit or grant the defendants' anti-SLAPP motion without prejudice.

That same day, the clerk of the Santa Clara County Superior Court served by mail the trial court's March 5, 2018 anti-SLAPP order.

On July 25, 2018, the trial court filed a judgment of dismissal in favor of defendants based on its March 5, 2018 anti-SLAPP order.

On September 5, 2018, plaintiff filed a notice of appeal. The notice of appeal states plaintiff appeals from the "[d]ismissal with prejudice under Anti-Slapp [*sic*] Statute- [Code of Civil Procedure] section 425.16."

## II. DISCUSSION

Appellant's brief raises a "single issue" for our review on appeal, specifically whether the trial court erred "by dismissing this prematurely filed malicious prosecution action *with* prejudice rather than dismissing it *without* prejudice." The brief asserts the appeal was timely, as taken from the July 25, 2018 judgment. Respondents' brief argues the merits of the trial court's dismissal order and does not raise the timeliness of the appeal.

---

[1] "An anti-SLAPP motion seeks to strike a '[s]trategic lawsuit against public participation,' that is, a 'SLAPP.' " (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 882, fn. 2.)

2

This court requested supplemental briefing on whether this court has jurisdiction over the appeal. Citing to this court's decision in *Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 68–71, 76 (*Reyes*), we asked the parties to address whether appellant's challenge to the trial court's March 5, 2018 anti-SLAPP order is cognizable on appeal from the July 25, 2018 judgment, or whether we must dismiss the appeal for lack of jurisdiction.

Both sides responded with supplemental briefs. Respondents filed a letter brief asserting that we must dismiss the appeal as untimely. Appellant filed a letter brief that appears to concede the appeal is untimely.

By statute, an order granting or denying an anti-SLAPP motion, such as that issued here by the trial court on March 5, 2018, is appealable. (Code Civ. Proc., § 425.16, subd. (i).) "It is no secret that failing to timely appeal a ruling that by statute is appealable may result in the reviewing court's inability to consider the eventual appeal." (*Reyes*, *supra*, 55 Cal.App.5th at p. 68.) "[T]he filing of a timely notice of appeal is a jurisdictional prerequisite. 'Unless the notice is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal.' " (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.)

California Rules of Court, rule 8.104 sets forth the relevant deadlines: "unless a statute or court rule provides otherwise, a notice of appeal must be filed on or before the *earlier* of 60 days after service by the superior court clerk of a filed-endorsed copy of the judgment, or 60 days after notice of entry of the judgment is served by a party. ([Cal. Rules of Court, rule] 8.104(a)(1)(A)-(B).) For purposes of this rule, ' "judgment" includes an appealable order.' ([Cal. Rules of Court, rule] 8.104(e).)" (*Marshall v. Webster* (2020) 54 Cal.App.5th 275, 279, fn. omitted (*Marshall*).) Several published decisions have explained the deadline to appeal an order granting or denying an anti-SLAPP motion. These decisions have uniformly concluded that a reviewing court has no jurisdiction over an untimely challenge. (See, e.g., *Reyes*, *supra*, 55 Cal.App.5th at pp.

3

66–69; *Marshall*, at pp. 279–284; *Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1245, 1247.)

Applying these authorities and based on the record here, we conclude that appellant's challenge to the March 5, 2018 anti-SLAPP order is not timely. Here, the order on defendants' anti-SLAPP motion granted their motion to strike plaintiff's malicious prosecution action in its entirety and with prejudice. The trial court filed and served the order on March 5, 2018. Because an order granting an anti-SLAPP motion is an appealable order (Code Civ. Proc., § 425.16, subd. (i)), plaintiff's deadline to file a notice of appeal from that order was no later than May 4, 2018, i.e., 60 days after the clerk served the filed-endorsed copy of the appealable order on March 5, 2018. (See Cal. Rules of Court, rule 8.104(a)(1)(A); *Reyes*, *supra*, 55 Cal.App.5th at p. 68; *Marshall*, *supra*, 54 Cal.App.5th at p. 280.)

The notice of appeal, filed on September 5, 2018, was therefore untimely. Appellant does not assert in his supplemental brief that any other deadline applies. Nor does he reference any authority providing this court jurisdiction over the appeal. Additionally, as this court explained in *Reyes*, that the trial court issued a judgment in July 2018 does not alter the appealability of the anti-SLAPP order, because the judgment "merely recapitulated" the prior order granting defendants' anti-SLAPP motion and has "no effect on the finality of the underlying anti-SLAPP order." (*Reyes*, *supra*, 55 Cal.App.5th at p. 69.) As we have no jurisdiction over this appeal, we must dismiss it.[2] (*Id.* at p. 76.)

### III. DISPOSITION

The appeal is dismissed. The parties are to bear their own costs on appeal.

---

[2] Plaintiff's request for judicial notice filed August 17, 2020, is denied as moot.

_____
Danner, J.

WE CONCUR:


_____
Greenwood, P.J.


_____
Grover, J.


**H046182**
*Roe v. M.S., et al.*